# EXHIBIT A

**12-Person Jury**

Civil Action Cover Sheet - Case Initiation (12/01/20) CCL 0520

# IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

Kevin Hill,

v.

Orkin.

FILED
12/29/2023 1:24 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL

Calendar, Q
25771226

No. **2023L013130**

### CIVIL ACTION COVER SHEET - CASE INITIATION

A Civil Action Cover Sheet - Case Initiation shall be filed with the complaint in all civil actions. The information contained herein is for administrative purposes only and cannot be introduced into evidence. Please check the box in front of the appropriate case type which best characterizes your action. Only one (1) case type may be checked with this cover sheet.

Jury Demand  ■ Yes   ❑ No

**PERSONAL INJURY/WRONGFUL DEATH**
CASE TYPES:
- ❑ 027  Motor Vehicle
- ❑ 040  Medical Malpractice
- ❑ 047  Asbestos
- ❑ 048  Dram Shop
- ❑ 049  Product Liability
- ❑ 051  Construction Injuries (including Structural Work Act, Road Construction Injuries Act and negligence)
- ❑ 052  Railroad/FELA
- ❑ 053  Pediatric Lead Exposure
- ❑ 061  Other Personal Injury/Wrongful Death
- ❑ 063  Intentional Tort
- ❑ 064  Miscellaneous Statutory Action (Please Specify Below**)
- ❑ 065  Premises Liability
- ❑ 078  Fen-phen/Redux Litigation
- ❑ 199  Silicone Implant

**TAX & MISCELLANEOUS REMEDIES**
CASE TYPES:
- ❑ 007  Confessions of Judgment
- ❑ 008  Replevin
- ❑ 009  Tax
- ❑ 015  Condemnation
- ❑ 017  Detinue
- ❑ 029  Unemployment Compensation
- ❑ 031  Foreign Transcript
- ❑ 036  Administrative Review Action
- ❑ 085  Petition to Register Foreign Judgment
- ❑ 099  All Other Extraordinary Remedies

(FILE STAMP)

**COMMERCIAL LITIGATION**
CASE TYPES:
- ❑ 002  Breach of Contract
- ❑ 070  Professional Malpractice (other than legal or medical)
- ❑ 071  Fraud (other than legal or medical)
- ❑ 072  Consumer Fraud
- ❑ 073  Breach of Warranty
- ❑ 074  Statutory Action (Please specify below.**)
- ❑ 075  Other Commercial Litigation (Please specify below.**)
- ■ 076  Retaliatory Discharge

**OTHER ACTIONS**
CASE TYPES:
- ❑ 062  Property Damage
- ❑ 066  Legal Malpractice
- ❑ 077  Libel/Slander
- ❑ 079  Petition for Qualified Orders
- ❑ 084  Petition to Issue Subpoena
- ❑ 100  Petition for Discovery

** _____

_____

Primary Email: rumsin@raklawllc.com

Secondary Email: _____

Tertiary Email: _____

By: Rumsin A. Khoshaba
_____
(Attorney)                                  (Pro Se)

**Pro Se Only:** ❑ I have read and agree to the terms of the *Clerk's Office Electronic Notice Policy* and choose to opt in to electronic notice form the **Clerk's Office** for this case at this email address: _____

**IRIS Y. MARTINEZ, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

Page 1 of 1

FILED
12/29/2023 1:24 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2023L013130
Calendar, Q

Exhibit A

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
LAW DIVISION

| | | |
|---|---|---|
| Kevin Hill, | ) | |
| | ) | Case No. 2023L013130 |
| Plaintiff, | ) | |
| v. | ) | Ad Damnum: $500,000 |
| | ) | +fees |
| Orkin, | ) | +costs |
| | ) | |
| Defendant. | ) | |
| | ) | JURY DEMANDED |

## COMPLAINT

Plaintiff Kevin Hill ("Mr. Hill"), by and through his undersigned counsel, Rumsin A. Khoshaba, RAK Law LLC, complains against Defendant Orkin ("Orkin") as follows:

### JURISDICTION AND VENUE

1. General jurisdiction is vested in this Court pursuant to Article 6, Section 9 of the Illinois Constitution.

2. This Court has jurisdiction over the state law employment discrimination claims raised herein pursuant to the Illinois Human Rights Act ("IHRA"), 775 ILCS §§ 5/1-101, *et seq*.

3. Venue is proper pursuant to 735 ILCS § 5/2-101 of the Illinois Code of Civil Procedure because all operative acts underlying this Complaint occurred in Cook County, Illinois, and Defendant's principal places of business and operation are in Cook County.

### PARTIES

4. Plaintiff Mr. Hill is an adult resident of the state of Illinois and, at all relevant times, was an "employee" of Orkin within the meaning of the IHRA.

5. At all relevant times, Defendant Orkin was an "employer" within the meaning of the IHRA.

1

6. Plaintiff Mr. Hill filed a charge of discrimination with the Illinois Department of Human Rights ("IDHR") against Defendant Orkin in Charge Number 2024CA0041, alleging wrongful termination, discrimination, and retaliation due to his age and injury.

7. Plaintiff Mr. Hill received a right-to-sue letter from the IDHR on or around October 5, 2023, authorizing him to file suit in the appropriate state circuit court based on the allegations in Charge Number 2024CA0041 within 90 calendar days. A true and accurate copy of the right-to-sue letter is attached hereto as Exhibit 1.

8. Plaintiff Mr. Hill has exhausted his administrative remedies, satisfied all prerequisites to filing this suit, and timely filed this suit within the 90-day period following his receipt of the right-to-sue letter.

## FACTS COMMON TO ALL COUNTS

9. Mr. Hill began working at Orkin on or around March 21, 1994.

10. From then until his termination in or around November 2022, Mr. Hill remained employed at Orkin as an exterminator.

11. In this role, Mr. Hill would visit residential homes or commercial sites, search for infestations or other targeted issues, apply traps and poisons, and do anything else necessary to complete the job.

12. This required Mr. Hill to walk, climb, and crawl around the customer's properties.

13. After approximately 28 years of service, Mr. Hill suffered a workplace injury when he ruptured his Achilles tendon during a service call.

14. Mr. Hill underwent surgery to treat the rupture and went on leave from work while it recovered, with the expectation that he would return to work when recovered.

15. Unbeknownst to Mr. Hill, and despite her representations to the contrary, Ms. Pickins almost immediately began openly telling Mr. Hill's coworkers that he would never be allowed back to work at Orkin.

16. In or around the summer of 2022, Mr. Hill was cleared to return to work with "light restrictions." The only relevant restriction here is that Mr. Hill was not cleared to use a ladder, something he did not need for the majority of jobs. This restriction was, therefore, minor and would only be in place until he made a full recovery.

17. Eager to return to the job he performed so ably for nearly three decades, Mr. Hill immediately reached out to Ms. Pickins to request a return to work.

18. Ms. Pickins told Mr. Hill that no jobs at the Branch would qualify for "light duty" and that he should wait to be fully cleared before returning to work.

19. Ms. Pickins did, however, tell Mr. Hill that his route would be saved and ready for him when he returned.

20. Mr. Hill found it strange that Ms. Pickins would claim that there were no light-duty jobs available when he knew otherwise but decided against pushing back on that claim, given her representation that he would be able to return to his route when fully cleared.

21. Shortly thereafter, in or around October 2022, Mr. Hill was cleared to return to work without restrictions and notified Orkin of that fact.

22. When he reached out to Orkin to return to his route, Ms. Pickins unceremoniously told him that there were no longer any suitable positions for him to return to and directed him to Ms. Paige Wilder in Orkin HR to find a position in another branch.

23. Mr. Hill was unaware at that time that Ms. Pickins was close friends with Ms. Wilder and that she had been enlisted to further sabotage Mr. Hill's return to Orkin.

<p></p>
<p></p>
<p style="display:none"></p>
<p></p>
<p></p>

Exhibit A

24. Shortly after Ms. Pickins told Mr. Hill there were no positions available for him, Ms. Wilder texted Mr. Hill and told him a Pest Control position was available at another branch.

25. Mr. Hill immediately applied for the open position and texted Ms. Wilder to ask to be kept in the loop as to any progress.

26. Ms. Wilder responded by texting back "Will do! Have a good day" and then never spoke to Mr. Hill again.

27. On information and belief, Ms. Wilder made no effort to assist Mr. Hill in getting employed at any branch at Orkin and never had any intention to do so.

28. Without any further word from Orkin, Mr. Hill received paperwork indicating his termination in November 2022.

29. At the time of his termination, Mr. Hill made approximately $95,000 a year in total compensation.

## COUNT I: CIVIL RIGHTS VIOLATION BASED ON AGE DISCRIMINATION

30. Mr. Hill restates, realleges, and incorporates by reference in this count Paragraphs 1-29 as if fully restated herein.

31. Under the IHRA, it is a civil rights violation for any employer to discriminate against any employee on the basis of his or her age. *See* 775 ILCS 5/2-101(E-1), 2-102(A).

32. At the time of his termination, Mr. Hill was 59 years old.

33. Mr. Hill's termination was deliberately orchestrated to eliminate him due to his age.

34. Mr. Hill has suffered damages as a result of the foregoing conduct, including lost wages, distress, loss of normal life, anguish, humiliation, anger, outrage, sadness, and loss of normal sleep.

WHEREFORE, for the foregoing reasons, Mr. Hill respectfully requests that this honorable Court enter judgment in his favor and against Orkin and enter an order for damages in an amount to be proved at trial, including for compensatory damages, reasonable attorneys' fees, costs and expenses, prejudgment interest, and all other available and appropriate relief.

## COUNT II: CIVIL RIGHTS VIOLATION BASED ON PHYSICAL DISABILITY DISCRIMINATION

35. Mr. Hill restates, realleges, and incorporates by reference in this count Paragraphs 1-29 as if fully restated herein.
36. Under the IHRA, it is a civil rights violation for any employer to discriminate against any employee on the basis of a real or perceived physical disability. *See* 775 ILCS 5/2-101(E-1), 2-102(A).
37. Mr. Hill was terminated shortly after suffering a ruptured Achilles tendon on the job.
38. On information and belief, Mr. Hill's termination was orchestrated due to this injury and/or the belief that such injuries would be more common if he continued to work for Orkin.
39. Mr. Hill has suffered damages as a result of the foregoing conduct, including lost wages, distress, loss of normal life, anguish, humiliation, anger, outrage, sadness, and loss of normal sleep.

WHEREFORE, for the foregoing reasons, Mr. Hill respectfully requests that this honorable Court enter judgment in his favor and against Orkin and enter an order for damages in an amount to be proved at trial, including for compensatory damages, reasonable

attorneys' fees, costs and expenses, prejudgment interest, and all other available and appropriate relief.

### COUNT III: WRONGFUL TERMINATION UNDER ILLINOIS LAW

40. Mr. Hill restates, realleges, and incorporates by reference in this count Paragraphs 1-29 as if fully restated herein.

41. Under Illinois common law, it is actionable to terminate someone for an illegal reason or for a reason that violates public policy.

42. Mr. Hill was terminated shortly after suffering a ruptured Achilles tendon on the job and taking the necessary time to recover from it.

43. On information and belief, Mr. Hill's termination was orchestrated due to this injury and/or the belief that such injuries would be more common if he continued to work for Orkin, and/or his age, and/or his decision to report said injury to Orkin.

44. Mr. Hill has suffered damages as a result of the foregoing conduct, including lost wages, distress, loss of normal life, anguish, humiliation, anger, outrage, sadness, and loss of normal sleep.

WHEREFORE, for the foregoing reasons, Mr. Hill respectfully requests that this honorable Court enter judgment in his favor and against Orkin and enter an order for damages in an amount to be proved at trial, including for compensatory damages, reasonable attorneys' fees, costs and expenses, prejudgment interest, and all other available and appropriate relief.

### COUNT IV: NEGLIGENT MISREPRESENTATION

45. Mr. Hill restates, realleges, and incorporates by reference in this count Paragraphs 1-29 as if fully restated herein.

46. Ms. Pickins, in her capacity as Branch Manager of Orkin, dissuaded Mr. Hill from returning to work with light restrictions by telling him that his route would be waiting for him when he was cleared to return to work without any restrictions.

47. Ms. Pickins knew, should have known, or was negligent in ascertaining whether or not there were any positions available at that time that would have satisfied Mr. Hill's light-duty restrictions.

48. Ms. Pickins knew, should have known, or was negligent in ascertaining whether Mr. Hill would have been able to return to his old route.

49. Ms. Pickins made the above statements with the intention of inducing Mr. Hill not to return to Orkin at that time in order to more easily terminate him at a later date.

50. Mr. Hill trusted Ms. Pickins and agreed to wait until he was cleared to return to work without restrictions before returning to Orkin.

51. This delay in returning to Orkin resulted in Mr. Hill's termination.

52. Mr. Hill has suffered damages as a result of the foregoing conduct, including lost wages, distress, loss of normal life, anguish, humiliation, anger, outrage, sadness, and loss of normal sleep.

WHEREFORE, for the foregoing reasons, Mr. Hill respectfully requests that this honorable Court enter judgment in his favor and against Orkin and enter an order for damages in an amount to be proved at trial, including for compensatory damages, reasonable attorneys' fees, costs and expenses, prejudgment interest, and all other available and appropriate relief.

## COUNT V: FRAUDULENT MISREPRESENTATION

53. Mr. Hill restates, realleges, and incorporates by reference in this count Paragraphs 1-29 as if fully restated herein.

54. Ms. Pickins, in her capacity as Branch Manager of Orkin, dissuaded Mr. Hill from returning to work with light restrictions by telling him that his route would be waiting for him when he was cleared to return to work without any restrictions.

55. Ms. Pickins knew, should have known, or was negligent in ascertaining whether or not there were any positions available at that time that would have satisfied Mr. Hill's light-duty restrictions.

56. Ms. Pickins knew, should have known, or was negligent in ascertaining whether Mr. Hill would have been able to return to his old route.

57. Ms. Pickins made the above statements with the intention of inducing Mr. Hill not to return to Orkin at that time in order to more easily terminate him at a later date.

58. Mr. Hill trusted Ms. Pickins and agreed to wait until he was cleared to return to work without restrictions before returning to Orkin.

59. This delay in returning to Orkin resulted in Mr. Hill's termination.

60. Mr. Hill has suffered damages as a result of the foregoing conduct, including lost wages, distress, loss of normal life, anguish, humiliation, anger, outrage, sadness, and loss of normal sleep.

WHEREFORE, for the foregoing reasons, Mr. Hill respectfully requests that this honorable Court enter judgment in his favor and against Orkin and enter an order for damages in an amount to be proved at trial, including for compensatory damages, reasonable attorneys' fees, costs and expenses, prejudgment interest, and all other available and appropriate relief.

**PLAINTIFF DEMANDS TRIAL BY JURY**

<p style="text-align:right">Exhibit A</p>

                        Respectfully Submitted,

                        RUMSIN A. KHOSHABA

                        _____

                        Attorney for Kevin Hill

Rumsin A. Khoshaba
RAK Law LLC
ARDC # 6306319
205 N. Michigan Avenue, Suite 810
Chicago, Illinois 60601
Office: (312) 396-4115
Email: rumsin@raklawllc.com

# Exhibit 1

# STATE OF ILLINOIS
## DEPARTMENT OF HUMAN RIGHTS

IN THE MATTER OF:

| | | |
|---|---|---|
| KEVIN HILL, | ) | |
| | ) | |
| COMPLAINANT, | ) CHARGE NO. | 2024CA0041 |
| AND | ) EEOC NO. | 21BA31090 |
| ORKIN, | ) | |
| RESPONDENT. | ) | |

### NOTICE OF OPT OUT OF THE INVESTIGATIVE AND ADMINISTRATIVE PROCESS, RIGHT TO COMMENCE AN ACTION IN CIRCUIT COURT OR OTHER APPROPRIATE COURT OF COMPETENT JURISDICTION, AND ORDER OF ADMINISTRATIVE CLOSURE

**For Complainant**

Rumsin A. Khoshaba
RAK Law LLC
205 N. Michigan Ave.
Suite 810
Chicago, IL 60601

**For Respondent**

Chief Executive Officer
Orkin
4701 135th St.
Crestwood, IL 60445

**Date Perfected Charge Filed:** Jul 25, 2023

**Date Opt Out Request Filed:** Sep 25, 2023

YOU ARE HEREBY NOTIFIED that pursuant to Section 7A-102(C-1) of the Illinois Human Rights Act (775 ILCS 5/7A-102(C-1)), Complainant having filed a written request to opt out of the Illinois Department of Human Rights' investigation and administrative processing of the above-captioned charge, the IDHR issues this Notice of Opt Out of the Investigative and Administrative Process, and the Right of Complainant to Commence an Action in the Circuit Court or other appropriate court of competent jurisdiction within 95 days from the date of this Notice and Order, as identified below.

- Complaint filed and serve a copy of the complaint to the Department and Respondent on the same date that the complaint is filed with the circuit court or other appropriate court of competent jurisdiction.
- Complainant may not file or refile a substantially similar charge with the Department arising from the same incident of unlawful discrimination or harassment.

NOW, THEREFORE, it is further hereby ORDERED that the Department cease the investigation and administratively close the charge of civil rights violation(s).

ENTERED ON October 2, 2023

DEPARTMENT OF HUMAN RIGHTS

BY: *[signature]*

Brent A. Harzman, Director
Charge Processing Division

Notice of Opt Out. Right & Order Adm.
Closure D/P 01/01/2020